**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| Sparkle Pop, LLC, a Delaware limited liability company, | |
| Plaintiff, <br> v. | Adv. Proc. No. 25-00157 (DER) |
| Alliance Entertainment Holding Corporation, a Delaware corporation and Alliance Entertainment, LLC, a Delaware limited liability company, | |
| Defendants. | |

**DEBTORS' MOTION FOR INTERVENTION PURSUANT TO**
**FEDERAL RULE 24 AND BANKRUPTCY RULE 7024**

Debtors Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") pursuant to Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to intervene in this Adversary Proceeding. In support of this Motion, the Debtors state as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**BACKGROUND**

1.      On January 14, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1005(b).

3.      The Debtors continue to manage their assets and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On January 21, 2025, the Debtors filed a motion for, among other things, approval of proposed bidding procedures for the postpetition sale of substantially all of the Debtors' assets (D.I. 68) (the "Bidding Procedures Motion").

5.      On February 11, 2025, the Court entered an order granting the Bidding Procedures Motion (D.I. 136) (the "Bidding Procedures Order"), after which, the Debtors, along with their Court approved investment banker, Raymond James & Associates, Inc., continued a robust sale process that had begun prior to the Petition Date (the "Sale Process").

6.      Defendants Alliance Entertainment, LLC ("AENT") and Alliance Entertainment Holdings Corporation ("AENT Holdco," together with AENT, the "AENT Defendants") participated in the Sale Process.  To this end, AENT Holdco for itself and for AENT entered into an October 18, 2024, non-disclosure agreement (the "NDA"), a copy of which is attached as Exhibit A to Bruce Ogilvie's declaration filed in this Adversary Proceeding under seal (see Ad. Pro. D.I. 21), AENT Holdco and/or AENT engaged in due diligence, AENT submitted a binding bid in connection with the Bankruptcy Court-approved auction (the "AENT Auction Bid") and, ultimately, AENT entered into an April 10, 2025 Asset Purchase Agreement (the "AENT APA")

with Debtors Diamond Comic Distributors, Inc. ("DCD") and Diamond Select Toys & Collectibles, LLC ("DST", together with DCD, the "Debtor Sellers").

7. AENT violated the Bidding Procedures Order and the Court approved Bidding Procedures by failing and refusing to document and move forward with the AENT Auction Bid in a manner consistent with that presented by AENT at the auction; forcing the Debtors to seek Court approval of pending backup bids. Ultimately, AENT agreed to make changes to its bid, such that AENT and the Debtor Sellers entered into the AENT APA, which was approved by the Court on April 11, 2025 (D. I. 335) (the "Sale Order").

8. Once the AENT Defendants had the opportunity to obtain all the information they deemed necessary to compete with the Debtor Sellers' businesses, AENT breached the AENT APA and refused to close on the purchase of the Debtor Sellers' assets. The pretext for AENT's failure to close was an alleged "Material Adverse Change" the characterization of which the Debtors wholly dispute.

9. In light of the AENT Defendants' breach of the AENT APA, and left with no other choice, the Debtor Sellers entered into negotiations with backup bidders, Universal Distributors, LLC ("Universal") and Ad Populum, LLC ("Ad Pop"), and ultimately entered into asset purchase agreements with Universal and plaintiff Sparkle Pop, LLC ("Sparkle Pop"), an Ad Pop affiliate, which were approved by the Court by orders dated May 1, 2025 (D.I. 407 & 408). The Debtor Sellers' subsequently closed on the sales to Universal and Sparkle Pop.

10. Pursuant to the terms of the asset purchase agreement with Sparkle Pop (the "Sparkle Pop APA"), Sparkle Pop and Debtor DCD entered into a Transition Services Agreement (the "TSA"), to facilitate the transition of certain of DCD's assets to Sparkle Pop.

11.     On April 29, 2025, AENT filed a complaint in Adversary Proceeding No. 25-00112 (DER) (the "AENT Adversary Proceeding") against all of the Debtors, certain of the Debtors' officers, Raymond James and the Debtors' financial advisor Getzler Henrich & Associates, LLC, alleging breach of contract, fraud, aiding and abetting fraud, negligent misrepresentation and breaches of the implied covenant of good faith and fair dealing.  The deadline for the defendants in the AENT Adversary Proceeding to respond to the complaint is currently June 30, 2025.  The Debtors deny the allegations contained in the AENT Adversary Proceeding and  intend to vigorously oppose the complaint and to assert counterclaims and third-party claims against the AENT Defendants.

12.     Shortly after the closing of the Sparkle Pop APA, the Debtors and Sparkle Pop learned that the AENT Defendants had violated the NDA by, among other things, soliciting and hiring certain of the Debtors' employees and soliciting certain of the Debtor Sellers' customers. Further, Sparkle Pop notified the Debtors of the AENT Defendants' theft of trade secrets.

13.     The Debtors sent the AENT Defendants a cease and desist letter on June 2, 2025, a copy of which is attached hereto as **Exhibit B**.   Neither of the AENT Defendants responded to the cease and desist letter or denied, in any way, that they were in violation of the NDA.

14.     On June 9, 2025, Sparkle Pop filed its complaint (the "Complaint") in this Adversary Proceeding against the AENT Defendants along with, *inter alia*, a motion for temporary restraining order (Ad. Pro. D.I. 3) (the "TRO Application") and supporting declarations (Ad. Pro. D.I. 4 & 5).

15.     On June 15, 2025, the AENT Defendants filed their opposition to the TRO Application (Ad. Pro. D.I. 21) (the "Opposition") and supporting declarations (Ad. Pro. D.I. 21).

16.     A hearing on the TRO Application is currently scheduled for June 17, 2025 at 2:00 p.m. (ET).

## RELIEF REQUESTED

17.     By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to intervene in this Adversary Proceeding pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to protect the Debtors' interests.

## BASIS FOR RELIEF

18.     Bankruptcy Rule 7024 provides that Federal Rule 24 applies in adversary proceedings.  Federal Rule 24(a) states in pertinent part as follows:

> Intervention of Right.  On timely motion, the court must permit anyone to intervene who: …(2) claims an interest relating to the property or transaction which is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represented that interest.

Federal Rule 24(a)(2). Federal Rule 24(b), titled "Permissive Intervention," provides, in relevant part:

> On timely motion, the court may permit anyone to intervene who:…(B) has a claim or defense that shares with the main action a common question of law or fact.

Federal Rule 24(b)(1)(B).

19.     A party may intervene as of right under Federal Rule 24(a)(2) if it can show: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991)).  Federal Rule 24(a)(2) is to be

interpreted "broadly in favor of intervention." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995).

20.     Courts consider four conditions in evaluating a motion to intervene under Rule 24(b): "(1) that [the] intervenor's motion is 'timely'; (2) that its 'claim or defense and the main action have a question of law or fact in common'; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) 'intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties.'" *Md. Restorative Just. Initiative v. Hogan*, 316 F.R.D. 106, 112 (D. Md. 2016) (quoting *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004)).

21.     As demonstrated below, the Debtors are entitled to intervene in the Adversary Proceeding pursuant to Federal Rule 24(a).

22.     First, the Motion is timely, as the complaint in this Adversary Proceeding was just filed on June 9, 2025, and the AENT Defendants have not yet responded.  Accordingly, no party will be prejudiced if the Debtors are permitted to intervene at this time.

23.     Second, the Debtors have a significant interest in the outcome of the Adversary Proceeding.  Sparkle Pop alleges at paragraphs 76 and 77 of the Complaint that Debtor DCD breached the Sparkle Pop APA and the TSA; which allegations are vehemently denied.  Given Sparkle Pop's allegations, the outcome of the Adversary Proceeding could impact rights and claims by and between the Debtors and Sparkle Pop, including obligations under the Sparkle Pop APA.

24.     Third, certain of the facts alleged in the Complaint and asserted in the AENT Defendants' Opposition overlap with certain of the facts relevant to the Debtor Sellers' defenses, counterclaims and third-party claims under the AENT APA and the NDA that the Debtor Sellers

6

will assert in the AENT Adversary Proceeding.  Depending upon the outcome of this Adversary Proceeding, the Debtors' defenses and affirmative claims could be impacted.

25.     Finally, neither Sparkle Pop nor the AENT Defendants adequately represent the Debtors' interests in the Adversary Proceeding, as both have alleged claims against the Debtors.

26.     In the alternative, the Debtors seek for the Court to exercise its discretion to authorize them to intervene in this Adversary Proceeding pursuant to Federal Rule 24(b), applicable in this Adversary Proceeding pursuant to Bankruptcy Rule 7024.

27.     The Debtors have satisfied the standard for permissive intervention under Federal Rule 24(b)(1)(B). First, and as set forth above, this Motion is timely.  Second, there are disputed factual and legal issues in the Adversary Proceeding that may impact the claims by and between the Debtors and the AENT Defendants in the AENT Adversary Proceeding.  Finally, neither Sparkle Pop nor the AENT Defendants will be prejudiced if the Debtors are permitted to intervene in this Adversary Proceeding, as the Debtors are true parties in interest in this matter.

### WAIVER OF MEMORANDUM OF LAW

29.     Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

### NO PRIOR REQUEST

30.     No previous request to intervene in the within Adversary Proceeding have been made by the Debtors to this or any other court.

### NOTICE

31.     Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) Sparkle Pop and (ii) the AENT Defendants.  In light of the nature of the relief

7

requested and the facts and circumstances of this Adversary Proceeding, the Debtors submit the no other or further notice is necessary.

## CONCLUSION

32.     For all the foregoing reasons, the Court should grant the Motion and provide the Debtors with such other relief as is just and proper.

Dated: June 16, 2025                                          **SAUL EWING LLP**

By:*/s/ Jordan D. Rosenfeld*
     Jordan D. Rosenfeld (MD Bar No. 13694)
     1001 Fleet Street, 9th Floor
     Baltimore, MD 21202
     Telephone: (410) 332-8600
     Email: jordan.rosenfeld@saul.com

     -and-

     Jeffrey C. Hampton (admitted *pro hac vice*)
     Adam H. Isenberg (admitted *pro hac vice*)
     1500 Market Street, 38th Floor
     Philadelphia, PA 19102
     Telephone: (215) 972-7777
     Email: jeffrey.hampton@saul.com
          adam.isenberg@saul.com

     -and-

     Mark Minuti (admitted *pro hac vice*)
     Paige N. Topper (admitted *pro hac vice*)
     Nicholas Smargiassi (admitted *pro hac vice*)
     1201 N. Market Street, Suite 2300
     Wilmington, DE 19801
     Telephone: (302) 421-6800
     Email: mark.minuti@saul.com
          paige.topper@saul.com
          nicholas.smargiassi@saul.com

     *Counsel for Debtors*